(38 Misc. Rep. 263.)

## YUENGLING v. BETZ.

(Supreme Court, Special Term, New York County. June, 1902.)

1. TRUST—EVIDENCE TO ESTABLISH.

Where the purchaser of the property of a corporation agrees with its majority stockholder that he may purchase the property on paying the costs, interest, and an additional sum, it creates no fiduciary relation.

Action by David G. Yuengling against John F. Betz. Judgment for defendant.

Kellogg & Beckwith, for plaintiff.

James C. McEachen (Abraham I. Elkus, of counsel), for defendant.

SCOTT, J. The plaintiff strenuously insists that the defendant occupied a fiduciary relation to him, and that in purchasing the bonds of the D. G. Yuengling Brewing Company, and subsequently in acquiring upon the foreclosure sales the entire property of the company, he acted as a quasi trustee for the plaintiff. The nature of the relationship between the parties, and the extent of their mutual obligations, are set forth in the successive agreements of June 7, 1894, December 6, 1894, and June 10, 1897, which, while differing somewhat in detail, all provide that the plaintiff may acquire the property purchased by defendant upon paying the cost and interest, with an additional specified sum. This was from the beginning the sum and extent of the defendant's obligation, which rests upon the agreements, and not upon any supposed fiduciary relation arising from any other circumstances. It does not appear that the plaintiff himself owned any of the bonds. All he had was a majority of the stock of a corporation which found itself unable to meet the interest payments on its mortgage debts. The defendant owed him no duty whatsoever. There is no apparent reason why the defendant could not, if he had seen fit, have acquired the brewing property in precisely the manner in which he ultimately did acquire it, without any assistance from the plaintiff, and without incurring any obligation to him. He did agree, first as to the bonds, and afterward as to the property itself, that the plaintiff might have it upon repaying or securing the amount which it had been necessary to spend in its acquisition This was a purely voluntary obligation, which the defendant was not bound to assume. His liability cannot be stretched beyond the limits which he and the plaintiff fixed upon it. He still offers, both by his answer and in his testimony, to carry out this agreement; but the plaintiff neither offers to repay the advances, nor professes his ability to do so. Unless and until the plaintiff declares his willingness and ability to make such repayment, it would be futile to order an inquiry as to the amount of defendant's advances, expenditures, and profits. For the relief which the plaintiff asks I can find no warrant either in the relation of the parties to each other, or in the contracts between them. The complaint must be dismissed, with costs.

Complaint dismissed, with costs.